UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-mj-02832-LOUIS

UNITED STATES OF AMERICA

v.

PETER NAVARRO,

Defendant.
_____/

FILED BY KAN D.C.
Apr 26, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No.

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No.

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/Kseniya Smychkouskaya
Kseniya Smychkouskaya
Assistant United States Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9080
Kseniya.Smychkouskaya@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 1:24-mj-02832-Louis |
| | ) | |
| PETER NAVARRO, | ) | |
| | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 25 and February 2, 2024__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of a Controlled Substance |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Alain Rodriguez, Special Agent DEA
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __[signature]__

Date: __04/26/2024__

_____
Judge's signature

City and state: __Miami, Florida__    Honorable Lauren F. Louis, United States Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Alain Rodriguez, having been duly sworn, depose and state as follows:

1. I am a Detective with the Miami-Dade Police Department ("MDPD"). I have been employed as a law enforcement officer since 2007. I have been serving as a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA") since 2019. I am assigned to the Miami Field Division, High Intensity Drug Trafficking Areas ("HIDTA"), where I am tasked with investigating drug trafficking and related offenses. Accordingly, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18 and Title 21 of the United States Code.

2. The information contained in this Affidavit is submitted for the limited purpose of establishing probable cause to obtain a criminal complaint charging Peter Navarro ("NAVARRO") with distribution of a controlled substance, that is, cocaine, in violation of Title 21, United States Code, Section 841(a)(1). This Affidavit therefore does not include every fact known to me or to other law enforcement officers surrounding this investigation.

3. The information contained in this affidavit is based on my personal knowledge as well as information relayed to me by other law enforcement agents and officers involved in this investigation.

## FACTS IN SUPPORT OF PROBABLE CAUSE

4. Since January 2024, pursuant to information received from a confidential source ("CS"), law enforcement has been investigating NAVARRO's distribution of cocaine in the City of Miami. Law enforcement instructed the CS to communicate with NAVARRO in furtherance of the investigation and to coordinate a controlled purchase of cocaine.

5. On or about January 25, 2024, law enforcement met with the CS at a predetermined location in anticipation of the CS buying cocaine from NAVARRO. At the location, the CS was searched for contraband, which yielded negative results. The CS was also provided with Official DEA funds to complete the narcotics transaction with NAVARRO. After coordinating with NAVARRO and while under the continuous monitoring of law enforcement, the CS met with NAVARRO at a residence located in Miami, Florida. The CS purchased approximately four (4) ounces of cocaine from NAVARRO utilizing $2,600.00 of official DEA funds. Under the constant supervision of law enforcement, the CS relocated to a pre-determined location in Miami, Florida. At the debrief location, the CS released the cocaine to law enforcement. The (4) four ounces of cocaine were impounded and submitted for chemical analysis. The CS was searched again for contraband, which yielded negative results. The DEA Southeastern Laboratory confirmed the substance submitted for the analysis was cocaine.

6. The CS was instructed to continue to communicate with NAVARRO and to negotiate future narcotics transactions.

7. On or about February 2, 2024, law enforcement met with the CS again in anticipation of another controlled purchase of cocaine from NAVARRO. The CS was searched for contraband, which yielded negative results. The CS was provided with Official DEA funds to complete the transaction with NAVARRO. After coordinating with NAVARRO and while under the continuous monitoring of law enforcement. The CS met with him at a residence located in Miami, Florida, where the CS bought approximately three (3) ounces of cocaine from NAVARRO utilizing $1,950.00 of official DEA funds. The CS then left the transaction location with the narcotics. While being continuously monitored by law enforcement, the CS went to a predetermined debrief location. At the debrief location, the CS released the approximately three

ounces of cocaine to law enforcement, which were seized as evidence. The three ounces of cocaine were impounded at the DEA Southeastern laboratory and submitted for chemical analysis. The CS was searched again for contraband, and none was found. The DEA Southeastern Laboratory later confirmed the evidence submitted was indeed cocaine.

8. Both narcotics transactions detailed above took place in Miami, Florida, located across the street from an elementary school. The narcotics transactions occurred during school operating hours.

## CONCLUSION

9. Based on the above facts, I respectfully submit that there is probable cause to believe that Peter NAVARRO did distribute a controlled substance, that is, cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER AFFIANT SAYETH NAUGHT.

ALAIN RODRIGUEZ
SPECIAL AGENT, DEA

Sworn to and subscribed before me
this 26 day of April, 2024.

HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:24-mj-02832-Louis

### BOND RECOMMENDATION

DEFENDANT: PETER NAVARRO

Pre-Trial Detention
(**Personal Surety**) (Corporate Surety) (Cash) (Pre-Trial Detention)

/s/ Kseniya Smychkouskaya
AUSA:   Kseniya Smychkouskaya

Last Known Address: 844 SW 11th Avenue

Miami, Florida 33130

What Facility:

Agent(s):   Alain Rodriguez
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
DEA